# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**JAMES RUSSELL JOHNSON,**
**# 13000034,**

    Plaintiff,

vs.                                  Case No. 5:20cv253-RV-MAF

**OFFICER GANDY,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee in the Calhoun County Jail who is proceeding pro se, initiated this case on September 24, 2020. Plaintiff was granted leave to proceed in forma pauperis, ECF Nos. 6-7, and his first amended complaint, ECF No. 13, was reviewed is required by 28 U.S.C. § 1915A. ECF No. 15. Finding the pleading sufficient to alert the Defendant to the nature and basis of Plaintiff's claims against Officer Gandy, Plaintiff was required to provide the Court with a service copy of the amended complaint, ECF No. 13. *Id.* The Order explained that pursuant to Rule 4(c), "[t]he plaintiff is responsible for having the summons and

complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Plaintiff was advised that if he failed to comply by the December 10, 2020, deadline, a recommendation would be made to dismiss this case. As of this date, Plaintiff has not complied and it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2021.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**